UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BURNS RENT-ALLS, INC., | ) | |
| | ) | |
| 332 W. Mishawaka Ave. | ) | |
| Mishawaka, IN 46545 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No._____ |
| vs. | ) | |
| | ) | |
| MICHAEL SHARPE and AAYS RENT- | ) | |
| ALL CO., INC., | ) | |
| | ) | |
| 805 W. Edison Road | ) | |
| Mishawaka, IN 46545 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Burns Rent-Alls, Inc. ("Burns Rent-Alls"), for its Complaint against defendants

Michael Sharpe ("Sharpe") and Aays Rent-All Co., Inc. (Aays Rent-All), alleges:

**<u>Parties & Jurisdiction</u>**

1.      Burns Rent-Alls is an Indiana corporation and has its principal place of business

located in Mishawaka, Indiana.

2.      Aays Rent-All is an Indiana corporation and has its principal place of business

located in Mishawaka, Indiana.

3.      Sharpe is an individual residing in Indiana.

4.      Sharpe and Aays Rent-All (jointly, "Defendants") intentionally targeted and

caused injury to Burns Rent-Alls in Indiana by virtue of their activities alleged below.

5.      For these reasons and others, Defendants are subject to personal jurisdiction in Indiana.

6.      The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### Burns Rent-Alls' Rights

8.      Burns Rent-Alls is a fifth-generation family-owned firm, which has been in business for over 100 years.

9.      Burns Rent-Alls has been doing business as "Burns Rent-Alls" in Indiana and in interstate commerce ever since, and long prior to the Defendants' acts alleged in this Complaint.

10.     For over 100 years Burns Rent-Alls has provided many goods and services throughout northern Indiana and southwest Michigan under the BURNS RENT-ALLS brand.

11.     Burns Rent-Alls currently provides, among other goods and services, equipment rentals, convention services, event rentals, portable toilet rentals, costume rentals, and tent and canopy rentals.

12.     Burns Rent-Alls operates a web site for its business, which is located at the URL www.burrnsrentals.com (the "Burns Rent-Alls Web Site").

13.     Prior to Defendants' actions alleged in this Complaint, Burns Rent-Alls has exclusively and continuously sold and provided the goods and services described above under the mark BURNS RENT-ALLS (the "Mark").

14.     For over 100 years, Burns Rent-Alls has promoted its BURNS RENT-ALLS brand by extensively and continuously advertising, marketing, promoting, providing and selling its products and services under the Mark.

15.    By virtue of Burns Rent-Alls' longstanding and continuous use of the Mark, Burns Rent-Alls owns valuable common law rights in the distinctive Mark, for use in connection with Burns Rent-Alls' goods and services.

16.    As the result of Burns Rent-Alls' long-standing promotion and sale of its goods and services under the Mark, Burns Rent-Alls' goods and services have earned commercial success, recognition, and acceptance in the marketplace.

17.    As a result of Burns Rent-Alls' long-standing promotion and sale of its goods and services under the Mark, the Mark has acquired secondary meaning.

18.    For many years long prior to Defendants' acts alleged in this Complaint, Burns Rent-Alls has used the Mark in interstate commerce to distinguish and identify its goods and services from products and services provided by others including Aays Rent-All.

19.    Burns Rent-Alls' Mark has inestimable value to Burns Rent-Alls and serves as a symbol of the good will and quality of Burns Rent-Alls and the authentic BURNS RENT-ALLS brand.

20.    Burns Rent-Alls owns the entire right, title and interest in and to the Mark.

21.    By the acts alleged below, Defendants have willfully infringed the Mark, engaged in unfair and deceptive practices, and deliberately traded on Burns Rent-Alls' good will and reputation – all to Burns Rent-Alls' irreparable injury.

22.    By the acts alleged below, Defendants intentionally registered and are using at least the following domain names (the "Domain Names"), which are confusingly similar to Burns Rent-Alls' Mark, with a bad-faith intent to profit from their use and registration of the Domain Names:  (i) burnspartyrentall.com; (ii) burnspartyrental.com; and (iii) burnsrentall.com

**Defendants and their Activities**

23.     Like Burns Rent-Alls, Aays Rent-All provides rentals throughout northern Indiana and southwest Michigan, including but not limited to equipment rentals, convention services, event rentals, and tent and canopy rentals..

24.     Aays Rent-All competes with Burns Rent-Alls; the two firms are competitors.

25.     Defendants operate a web site located at the URL www.aaysrental.com ("Aays Rent-All's Web Site").

26.     Defendants' Domain Names resolve to Aays Rent-All's Web Site.

27.     Aays Rent-All's Web Site is a commercial and interactive web site.  Aays Rent-All promotes its services through the Web Site.

28.     Defendants are, by utilizing the Domain Names, obtaining and/or redirecting Internet traffic intended for the Burns Rent-Alls' Web Site to Aays Rent-All's Web Site.

29.     Defendants are unlawfully using Burns Rent-Alls' Mark to attract Internet users to Aays Rent-All's Web Site.

30.     Defendants are intentionally and illegally, and in direct violation of Burns Rent-Alls' trademark rights, using the Domain Names in connection with Aays Rent-All's rental services and the operation and maintenance of Aays Rent-All's Web Site.

31.     Defendants are directly profiting from their illegal use of the Domain Names.

32.     By using the Domain Names, and by owning, maintaining and operating Aays Rent-All's Web Site, Defendants are illegally obtaining and/or diverting to Aays Rent-All Internet traffic intended for Burns Rent-Alls and the Burns Rent-Alls Web Site.

33.     By owning, maintaining and operating Aays Rent-All's Web Site, and by controlling the Domain Name registrations, which direct Internet traffic to Aays Rent-All's Web

site by illegally using the Domain Names, Defendants are using the good will associated with the Burns Rent-Alls Mark for their own commercial gain.

34.     Defendants' unauthorized use of the Domain Names is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association or sponsorship of Aays Rent-All with Burns Rent-Alls or the Burns Rent-Alls Mark, or as to the origin, sponsorship, or approval of Aays Rent-All's goods, services or activities by Burns Rent-Alls or the BURNS RENT-ALLS brand.

35.     Burns Rent-Alls has not authorized Defendants' conduct described in this Complaint.

36.     Defendants continue to use the Domain Names with notice and actual knowledge of Burns Rent-Alls' prior rights, despite Burns Rent-Alls' efforts to obtain an agreement from Defendants to voluntarily comply with the law and cease using the Domain Names, and thus such acts constitute knowing and willful violations of the Lanham Act.

37.     Burns Rent-Alls has no adequate remedy at law.

38.     Defendants have been unjustly enriched by their infringing and unfair activities, and Burns Rent-Alls is entitled to an accounting for all of Defendants' profits derived from the infringing activities.

39.     Defendants' activities have caused Burns Rent-Alls actual damages and injury to Burns Rent-Alls' reputation and good will..

## Count I
## Unfair Competition

40.    Burns Rent-Alls incorporates and realleges all preceding allegations in this Complaint.

41.    Defendants have used a word, term, name, symbol or device, and/or false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with Burns Rent-Alls, or as to the origin, sponsorship or approval of Defendants and their goods, services or commercial activities by Burns Rent-Alls.

42.    Defendants' commercial advertising and/or promotion misrepresents the nature, characteristics, qualities and/or geographic origin of the goods, services or commercial activities of Defendants.

43.    Defendants' unlawful conduct violates 15 U.S.C. § 1125(a).

44.    Defendants will continue using the Domain Names and violating 15 U.S.C. § 1125(a), unless restrained and enjoined by this Court.

45.    Defendants have and will by such continuing acts of deception, confusion or mistake cause Burns Rent-Alls irreparable harm for which Burns Rent-Alls has no adequate remedy of law.

46.    Defendants have engaged in their illegal conduct willfully and knowingly, and in complete disregard of or with indifference to Burns Rent-Alls' rights and interests.

47.    Burns Rent-Alls has and will suffer damage as a result of Defendants' unlawful conduct.

48.    This is an exceptional case under 15 U.S.C. § 1117(a).

## Count II
## Cyberpiracy

49.     Burns Rent-Alls incorporates and realleges all preceding allegations in this Complaint.

50.     Defendants registered, used and continue to use the Domain Names with a bad faith intent to profit from Burns Rent-Alls' Mark.

51.     Defendants registered, used and continue to use the Domain Names knowing the domain names are confusingly similar to Burns Rent-Alls' Mark

52.     The Domain Names are identical or confusingly similar to the Burns Rent-Alls Mark.

53.     The Burns Rent-Alls Mark was distinctive at the time Defendants registered the Domain Names.

54.     Defendants' activities constitute Cyberpiracy, in violation of 15 U.S.C. § 1125(d).

55.     Defendants have engaged in such conduct willfully and knowingly, and in complete disregard of or with indifference to Burns Rent-Alls' rights and interests.

56.     This is an "exceptional case" under 15 U.S.C. § 1117(a).

## Count III
## Breach of Contract

57.     Burns Rent-Alls incorporates and realleges all preceding allegations in this Complaint.

58.     In May 2014, Aays Rent-All offered to sell and transfer the "burnsrentall.com" domain name registration to Burns Rent-Alls for $100.00.

59.     On May 28, 2014, Burns Rent-Alls accepted Aays Rent-All's offer.

60.     Burns Rent-Alls further stated on May 28, 2014 in its acceptance of Aays Rent-All's offer that Burns Rent-Alls would pay Aays Rent-All the $100.00 upon confirmation that the domain name registration was transferred to Burns Rent-Alls.  *See* **Exhibit A**.

61.     Burns Rent-Alls' acceptance of Aays Rent-All's offer formed a valid oral contract between Burns Rent-Alls and Aays Rent-All, requiring Aays to transfer the "burnsrentall.com" domain name to Burns Rent-Alls in exchange for $100.00.

62.     Burns Rent-Alls tendered the $100.00 payment to Aays Rent-All.

63.     Thus, Burns Rent-Alls has performed all conditions precedent to performance by Aays Rent-All.

64.     Despite Burns Rent-Alls' tender of payment, Aays Rent-All refuses to transfer the "burnsrentall.com" domain name to Burns Rent-Alls.

65.     Burns Rent-Alls has not excused Aays' Rent-All's non-performance.

66.     Aays Rent-All breached the parties' contract by refusing to transfer the domain name to Burns Rent-Alls despite Burns Rent-Alls' tender of payment.

67.     Burns Rent-Alls has been damaged by Aays Rent-All's breach.

THEREFORE, Burns Rent-Alls requests the Court to award the following relief under the Counts stated above:

A.     Order Aays Rent-All to specifically perform by transferring the domain name "burnsrentall.com" to Burns Rent-Alls as Aays Rental-All agreed;

B.     Preliminarily and permanently enjoin Defendants, those controlled by Defendants, those controlling the Defendants, and those acting in concert or participation with Defendants from infringing Burns Rent-Alls' BURNS RENT-ALLS Mark;

C.      Preliminarily and permanently enjoin Defendants, those controlled by Defendants, those controlling Defendants, and those acting in concert or participation with Defendants from engaging in acts of false designation of origin and false description, pursuant to 15 U.S.C. § 1125;

D.      Preliminary and permanently enjoin Defendants, their associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys and all persons in active concert or participation with them who learn of the injunction through personal service or otherwise (1) from using the term BURNS RENT-ALLS in any manner that violates 15 U.S.C. §§ 1114 or 1125(a), or any mark or name which violates Burns Rent-Alls' rights under 15 U.S.C. § 1111 *et seq.*, (2) from representing by words or conduct that Defendants or their products or services are authorized, sponsored, endorsed by, or otherwise connected with Burns Rent-Alls, and (3) from any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Defendants' products or services;

E.      Preliminary and permanently enjoin Defendants, their associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys and all persons in active concert or participation with them who learn of the injunction through personal service or otherwise, pursuant to 15 U.S.C. § 1116(a), from operating or maintaining any web site utilizing the Domain Names or the BURNS RENT-ALLS Mark;

F.      An order, pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Burns Rent-Alls within thirty (30) days after service of the injunction on Defendants, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.    An accounting and judgment, pursuant to 15 U.S.C. § 1117(a), against Defendants for (1) all profits attributable to Defendants' unauthorized use of the Domain Names, (2) damages sustained by Burns Rent-Alls on account of Defendants' unlawful activities, and (3) treble damages;

H.    A judgment, pursuant to 15 U.S.C. § 1117(d), against Defendants for statutory damages in the amount of not less than $1,000 and not more than $100,000.00 per each of the Domain Names;

I.    An order, pursuant to 15 U.S.C. § 1125(d)(1)(C), directing that the Domain Names be transferred to Burns Rent-Alls;

J.    An award of Burns Rent-Alls' costs of this suit and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

K.    Order that Defendants deliver up and destroy all items bearing Burns Rent-Alls' Mark or confusingly similar marks, consistent with 15 U.S.C. § 1118; and

L.    All other just and proper relief.

Respectfully submitted,

BARNES & THORNBURG LLP

October 15, 2014                    /s/ D. Michael Anderson
                                    D. Michael Anderson (IN 20770-53)
                                    BARNES & THORNBURG LLP
                                    700 1st Source Bank Center
                                    100 North Michigan
                                    South Bend, Indiana 46601
                                    Telephone:  (574) 233-1171
                                    Facsimile:  (574) 237-1125
                                    Email:   mike.anderson@btlaw.com

                                    *Attorneys for Plaintiff Burns Rent-Alls, Inc.*

SBDS01 404010v1

-10-