UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BURNS RENT-ALLS, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 3:14-CV-1958 JD |
| MICHAEL SHARPE and AAYS RENT-ALL CO., INC., | ) ) ) ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Now before the Court is the Plaintiff's motion to withdraw its notice of voluntary dismissal. [DE 9]. Plaintiff filed its complaint in this matter on October 15, 2014. Although Defendants have yet to appear, Plaintiff filed an agreed motion for entry of judgment and permanent injunction on November 24, 2014, indicating that the parties had reached a settlement and agreed to entry of judgment and a permanent injunction. [DE 7]. Shortly after filing that motion, however, Plaintiff also filed a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Such a notice typically terminates an action regardless of the pendency of any dispositive motions, and deprives a court of jurisdiction to enter judgment. *Nelson v. Napolitano*, 657 F.3d 586, 588–89 (7th Cir. 2011). Thus, the Court construes the motion to withdraw the notice of dismissal as a Rule 60(b) motion to vacate the judgment. *See id.* ("[A] district court retains jurisdiction to consider a Rule 60(b) motion following a voluntary dismissal.").

Under Rule 60(b), a court can set aside a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Given this sequence of events and Plaintiff's immediate filing of the motion to withdraw the dismissal, it is clear that the notice of

dismissal was filed through mistake, inadvertence, or excusable neglect, as Plaintiff was clearly trying to effectuate the settlement agreement and did not mean to terminate this action prior to the Court acting on the agreed motion for entry of judgment. Therefore, the Court GRANTS the motion to withdraw the notice of voluntary dismissal [DE 9], and VACATES that notice [DE 8].

As to the pending motion for entry of agreed judgment and permanent injunction, the Court acknowledges that Plaintiff's counsel has represented, both under oath and as an officer of the Court, that Defendants have agreed to the motion and to entry of judgment. However, the Defendants have not actually appeared in this action, and the Court believes that it is more prudent for the Defendants to file appearances prior to the Court entering judgment and a permanent injunction against them. The Court therefore requests that counsel for the Defendants enter their appearances in this matter before it will act on the motion for entry of judgment and permanent injunction.

Finally, the proposed order that Plaintiff submitted on its motion for entry of judgment and permanent injunction includes both a permanent injunction against the Defendants *and* an order that the Plaintiff dismiss this case with prejudice. Those two elements are mutually exclusive—if the Plaintiff dismisses this case with prejudice, the Court has no authority to enter a permanent injunction, and if the Court enters judgment, the case will have concluded (and res judicata will have attached) and there will be nothing for Plaintiff to dismiss. The proposed order also indicates that the Court will retain jurisdiction for the purposes of enforcing settlement, despite the dismissal of the suit with prejudice. But if the parties wish to effectuate their settlement by dismissing the suit *with prejudice* (as opposed to through the judgment and injunction, or through a dismissal *without prejudice*), such a retention of jurisdiction would be

void. Accordingly, once the Defendants have appeared, the Court will set a status conference to clarify the parties' intentions.

SO ORDERED.

ENTERED: December 8, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court